UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO._____

ALFREDO COLLADO,

    Plaintiff,

vs.

ENTERPRISE LEASING COMPANY
OF FLORIDA, LLC, d/b/a ENTERPRISE
RENT-A-TRUCK, and JOHN DOE,
individually,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendant, Enterprise Leasing Company of Florida, LLC ("Enterprise Florida"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes to the United States District Court, Southern District of Florida, the action pending in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, styled *ALFREDO COLLADO v. ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, d/b/a ENTERPRISE RENT-A-TRUCK, and JOHN DOE*, Case No. 502016CA11904 ("the state court action"), based on the following grounds:

    1.    This Notice of Removal is founded upon the complete diversity of citizenship of the parties[1] pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiff, Alfredo Collado ("Plaintiff"), originally filed the state court action on October 25, 2016 seeking money damages from Enterprise Florida and a John Doe Defendant for personal injuries allegedly sustained in a motor vehicle

---

[1] For reasons stated herein, the John Doe Defendant should **not** be part of the Court's consideration in determining whether there is complete diversity of citizenship of the parties in this case.

accident while Plaintiff was operating a motor vehicle he rented from Enterprise Florida. Compl ¶¶ 6, 8. Plaintiff alleges the accident proximately caused him the following damages: bodily injury either permanent or continuing in nature, resulting pain and suffering, disability, disfigurement, inconvenience, mental anguish, loss of capacity for the enjoyment of life, lost wages, lost earning capacity, property damage and/or loss, aggravation of a previously existing condition, and medical expenses in the treatment of his injuries in the past and future. Compl. ¶¶ 14, 19. Copies of the process, pleadings, orders and other documents contained in the state court action file, and available for copying, are attached to this Notice as Composite Exhibit "A," and are incorporated by reference herein, in compliance with 28 U.S.C. § 1446(a).

A.   **TIMELINESS OF REMOVAL**

2.   This Notice of Removal is timely filed within 30 days from when Plaintiff served his Answers to Enterprise Florida's First Set of Interrogatories and Plaintiff's Response to Enterprise Florida's First Request for Production, and the responsive documents produced pursuant thereto, on or about January 18-19, 2017,[2] which is when Enterprise Florida first learned that this action was removable. *See* Plaintiff's Answers to Defendant's First Set of Interrogatories and Plaintiff's Response to Defendant's First Request for Production, including relevant excerpts of the responsive documents thereto, attached as Composite Exhibit "B." A notice of removal is timely filed within thirty (30) days "after receipt by the defendant . . . of an amended pleading,

---

[2] On January 18, 2017, Plaintiff served his Answers to Enterprise Florida's First Set of Interrogatories and his Response to Enterprise Florida's First Request for Production. The following day, on January 19, 2017, Plaintiff served the responsive documents offered to be produced in Plaintiff's Response to Enterprise Florida's First Request for Production. Thirty days from January 18, 2017, the earlier of the two dates when Enterprise Florida received Plaintiff's Answers to Enterprise Florida's First Set of Interrogatories and Plaintiff's Response to Enterprise Florida's First Request for Production, would be February 17, 2017. This Notice of Removal has been filed well in advance of the thirty day deadline.

2

motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added); *Wilson v. Target Corp.*, No. 10-80451-CIV, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010) ("Documents qualifying as 'other paper' trigger the time period for removal when they result from 'a voluntary act of plaintiff' and make it clear that federal jurisdiction exists.") (citing *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 212 (5th Cir. 2002)); *Leoncio v. Louisville Ladder, Inc.*, No. 13-21837-CIV-ALTONAGA/Simonton, 2013 WL 12059614, at *3 (S.D. Fla. June 28, 2013) ("Answers to discovery requests—including responses to requests for admission and interrogatories—constitute 'other paper' pursuant to [28 U.S.C. § 1446(b)(3)]."); *Randall v. Target Corp.*, No. 13-61196-CIV, 2013 WL 3448116 (S.D. Fla. July 9, 2013) (finding medical records served by the plaintiff in response to a request for production constitute an "other paper" from which the amount in controversy may be ascertained).

**B.   THE VENUE REQUIREMENT IS MET**

3.   Venue for this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action is pending.

**C.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

4.   In the Complaint filed in the state court action, Plaintiff did not allege a specific amount in controversy; instead, Plaintiff merely alleged that Plaintiff was seeking an amount of damages that exceeded the jurisdiction of the state circuit court ($15,000.00). *See* Compl. ¶ 1. The medical bills produced by Plaintiff on January 19, 2017, however, show that Plaintiff incurred special damages of medical bills from his hospital visit on the date of the incident, and from a

subsequent cervical disc replacement and fusion, are in the aggregate **$129,051.76**,[3] an amount clearly in excess of $75,000.00, exclusive of fees, costs, and additional general damages.[4] *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (stating defendants may use a wide range of evidence in order to satisfy the removal jurisdictional requirement); *see also Hampton-Stein v. Katz*, No. 09-80798-CIV, 2009 WL 1916621, at *4 (S.D. Fla. July 5, 2009) ("In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand.").

Additionally, Plaintiff stated in his Answers to Defendant's First Set of Interrogatories that as a result of the subject incident, Plaintiff "lost a job of 60 units at $1,200.00 per unit for re-piping due to my injuries and surgery" and, furthermore, that his overall income has decreased since the accident due to his injuries and surgery. *See* Plaintiff's Answers to Defendant's First Set

---

[3] Plaintiff's medical bills alleged to have been from the subject incident and from a subsequent cervical disc replacement and fusion, which Plaintiff contends were related to the subject incident are comprised as follows: $796.00 from City of West Palm Beach; $29,773.76 from St. Mary's Medical Center; $1,500.00 from Headache & Pain Center of Palm Beach; $475.00, $175.00, $250.00, $77,950.00, and $150.00 from Jeffrey L. Katzell, MD; $500.00 from Sierra Surgical; $7,800.00 from Imaging Center of West Palm Beach LLC; $120.00 from Premier Family Health; $79.00 from LabCorp; and $233.00 from Palm Beach Pathology. *See* Plaintiff's Response to Defendant's First Request for Production at Collado-000162–Collado-000177.

[4] Similar surgical procedures in other reported cases have resulted in Florida courts awarding damages in excess of $75,000.00. *Wool v. State Farm Mut. Auto. Ins.*, 16-2011-CA-010543XXXXMA, 2015 WL 10384145 (Fla. 4th Cir. Ct. Oct. 23, 2015) (awarding $135,039.00 in damages, including the cost of cervical fusion surgery, to plaintiff); *see Brown v. Knox*, 16-2007-CA-002674, 2008 WL 9354357 (Fla. 4th Cir. Ct. Dec. 1, 2008) (awarding plaintiff $175,900.00 in damages for vehicle accident that caused injury and cervical fusion surgery).

of Interrogatories, Interrogatory No. 10. Thus, Plaintiff is additionally asserting special damages of lost wages or earning capacity in an amount of at least **$72,000.00.**

5. These special damages do not include the additional *general* damages Plaintiff is seeking in his Complaint, specifically "pain and suffering, disability, disfigurement, inconvenience, mental anguish, and loss of capacity for the enjoyment of life," losses which he claims are "either permanent or continuing in nature." Compl. ¶¶ 14, 19.

6. Accordingly, based upon Plaintiff's Answers to Enterprise Florida's First Set of Interrogatories and Plaintiff's Response to Enterprise Florida's First Request for Production, and the responsive documents produced pursuant thereto, Plaintiff's alleged damages easily exceed $75,000.00.

D. **DIVERSITY OF CITIZENSHIP IS PRESENT**

    i. *Plaintiff Is a Florida Resident; Enterprise Florida Is <u>Not</u> a Florida Resident*

7. In the Complaint filed in the state court action, Plaintiff alleges that he is a natural person residing in Palm Beach County, **Florida**. Compl. ¶ 3.

8. Enterprise Florida is not a citizen of Florida; rather, Enterprise Florida is a citizen of **Missouri**. For the purpose of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the limited liability company is a citizen. *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *see also FDIC v. Savoy Hotel Partners, LLC*, No. 09-22617-CIV-GRAHAM/BANDSTRA, 2011 WL 13099885, at *1 (S.D. Fla. Oct. 20, 2011) (citing *Atl. Hospitality of Fla. LLC v. Gen. Star Indem. Co.*, No. 09-23661, 2010 WL 2639637, at *1 (11th Cir. June 29, 2010)). Complete diversity exists when the citizenship of each member of the limited liability company is diverse from the citizenship of the plaintiff. *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005). Enterprise Florida is a limited

5

liability company organized under the laws of the state of Delaware. *See* Exhibit "C," Florida Dept. of State, Division of Corporations, online listing for Enterprise Leasing Company of Florida, LLC (listing Enterprise Florida as a "Foreign Limited Liability Company"); *see also,* Affidavit of David Kramer, attached as Exhibit "D." The sole member of Enterprise Florida is Enterprise Holdings, Inc., a **Missouri** corporation with its principal place of business in Saint Louis, **Missouri**. *See* Exhibit "D." As such, complete diversity exists between Plaintiff and Enterprise Florida.

    ***ii.***    ***The John Doe Defendant Is a Fictitious Party and His Residency Is Irrelevant For Purposes of Diversity.***

9. The other named defendant in the Complaint, the John Doe Defendant, is allegedly an unnamed employee and/or agent of Enterprise Florida, acting in the course and scope of his employment with Enterprise Florida in connection with the rental of the subject vehicle. Compl. ¶ 5. The inclusion of the John Doe Defendant in the Complaint is immaterial to the diversity consideration, and is nothing more than fictitious party pleading. Section 1441(b) of Chapter 28 of the United States Code provides that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *See also Katz*, 2009 WL 1916621, at *1 (disregarding fictitiously named defendants, for purposes of determining diversity of citizenship, in reliance on the federal removal statute). Furthermore, Florida courts routinely strike from pleadings the inclusion or consideration of fictitious parties, such as a John Doe Defendant, citing the practice of naming such fictitious parties as prohibited.[5] *E.g., Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court."); *Alticor Inc. v. Umg Recordings, Inc.*, No. 6:14-cv-542-Orl-37DAB, 2015 WL 8536571, at *7 (M.D. Fla. Dec. 11, 2015) ("Federal Rule of Civil

---

[5] This argument was also raised in Enterprise Florida's Motion to Dismiss and Motion to Strike Plaintiff's Complaint.

Procedure 10(a) requires that the title of a complaint include the names of 'all the parties,' and the U.S. Court of Appeals for the Eleventh Circuit discourages fictitious party pleading as a practice that is contrary to the public's right in open judicial proceedings."); *Owaki v. City of Miami*, 491 F. Supp. 2d 1140, 1155 (S.D. Fla. 2007) ("[F]ictitious party practice is not allowed in Federal Courts."); *Meade v. Prison Health Servs., Inc.*, No. 94-854-CIV-T-17-B, 1994 WL 654509, at *4 (M.D. Fla. Nov. 10, 1994) ("There is no provision in the Federal Rules of Civil Procedure for fictitious party pleading, and thus the practice is prohibited.") (citing *Weeks v. Benton*, 649 F. Supp. 1297, 1298–99 (S.D. Ala. 1986)).

10.     Moreover, Plaintiff alleges the John Doe Defendant was acting in the course and scope of his employment with Enterprise Florida as the basis for liability against the John Doe Defendant and Enterprise Florida. Compl. ¶¶ 16, 18. As a result, there is no legitimate reason—other than a thinly veiled attempt to defeat diversity jurisdiction—to include an employee allegedly in the course and scope of his employment with Enterprise Florida, a fully solvent defendant, as a party defendant. The John Doe Defendant should be disregarded as a party in this case for purposes of diversity jurisdiction analysis. If the John Doe Defendant was indeed in the course and scope of his employment with Enterprise Florida at the time of the events alleged in the Complaint, then Enterprise Florida, his employer, will be legally responsible for the acts of the employee. *Wilson*, 2010 WL 3632794, at *5 (holding "there is no legitimate reason, other than to defeat jurisdiction, to add an employee of a fully solvent defendant as a party when the employer will be legally responsible for the acts of its agent" because "[i]f [the employee] was in fact negligent, [the employer] will be held responsible and [plaintiff] will get full satisfaction of any judgment."). Thus, after disregarding the fictitious party in the Complaint—as 28 U.S.C. § 1441(b)(1)

instructs—complete diversity exists between Plaintiff and Enterprise Florida—the only Defendant the Court should consider in its diversity analysis.

E.   **NOTICE TO PARTIES AND TO THE CIRCUIT COURT**

11.   In accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within thirty (30) days after diversity of citizenship was established in the state court action, when Plaintiff, for the first time on January 18-19, 2017, placed Enterprise Florida on notice by providing an "other paper" showing the amount in controversy exceeds $75,000.00. Written notice of the filing of this Notice of Removal is being served on all parties, and a Notice of Removal will be filed with the Clerk of the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, in compliance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, Enterprise Leasing Company of Florida, LLC, requests that the above-styled action now pending against it in the Circuit Court in and for Palm Beach County, Florida be removed to this Court for the reasons and based on the citations of law cited herein.

Respectfully submitted January 31, 2017.

> HOLLAND & KNIGHT LLP
> *Counsel for Defendant Enterprise Leasing Company of Florida, LLC*
> 701 Brickell Ave., Suite 3000
> Miami, FL 33131
> Tel: (305) 374-8500
> Facsimile: (305) 789-7799
>
> By:  *s/ Lee P. Teichner*
>      Lee P. Teichner
>      Florida Bar No. 816280
>      lee.teichner@hklaw.com
>      Eleni S. Kastrenakes Howard
>      Florida Bar No. 73073
>      eleni.howard@hklaw.com
>      Kevin Paule
>      Florida Bar No. 125276
>      kevin.paule@hklaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st of January, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on counsel identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

William W. Price, Esq.
Michael S. Herman, Jr., Esq.
521 South Olive Avenue
West Palm Beach, FL  33401
wprice@wpricepa.com
michael.herman@wpricepa.com
mary.campagnon@wpricepa.com
*Counsel for Plaintiff*

s/ <em>Kevin Paule</em><br>
Kevin Paule

#48797024_v4