UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80121-CV-MARRA/MATTHEWMAN

ALFREDO COLLADO,

    Plaintiff,

v.

ENTERPRISE LEASING COMPANY
OF FLORIDA, LLC, d/b/a ENTERPRISE
RENT-A-TRUCK,

    Defendant.

_____/



## ORDER REGARDING *IN CAMERA* REVIEW ON WILLIAM W. PRICE, P.A.'S OBJECTIONS AND MOTION TO QUASH SUBPOENA DUCES TECUM

**THIS CAUSE** is before the Court upon Plaintiff, Alfredo Collado ("Plaintiff"), and non-party, William W. Price, P.A.'s Objections and Motion to Quash Subpoena Duces Tecum ("Motion") [DE 15]. Defendant, Enterprise Leasing Company ("Defendant") filed a Response to Objections and Motion to Quash Subpoena Duces Tecum and Incorporated Memorandum of Law [DE 18]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 8. The undersigned conducted a hearing on the Motion on June 8, 2017. [DE 20].

The Court took the Motion under advisement and ordered non-party, William W. Price, P.A. to submit its file on Plaintiff to the Court for *ex parte, in camera* review in order to ensure that Defendant obtains all relevant discovery in this lawsuit without infringing on any work product privilege or attorney-client privilege. [DE 25, p. 2].

The Court has received the documents and has carefully conducted an *in camera* review

1

of them. After review, the Court finds the following documents from Plaintiff's file at William W. Price, P.A. are relevant and should be produced: Progressive.001.settlement.offer (Unredacted); Progressive.004 (Unredacted); Progressive.006 (Unredacted); Mediation.Summary.Romano (Unredacted); Client.011.IME (Everything redacted except for the first paragraph of the letter); Closing.Statement (Financial amounts redacted); and MedicalBillSummary.lkc (Unredacted). *See S.E.C. v. Merkin*, No. 11-23585-CIV, 2012 WL 2568158, *3 (S.D. Fla. June 29, 2012) ((holding that attorney work product may be produced in redacted form if factual information was not otherwise available and moving party showed substantial need and undue hardship.)). The Court agrees with Defendant that these documents are relevant because they contain information relating to Plaintiff's prior car crash and his sustained injuries, which are similar to the injuries that Plaintiff is claiming in the instant case. The other documents in Plaintiff's file at William Price, P.A. are irrelevant and shall not be produced.

Although William Price, P.A. claims that these documents are privileged because of the work-product protection, Defendant has shown a substantial need for the documents, which cannot be otherwise obtained without undue hardship. *See Pipino v. Delta Airlines, Inc.*, No. 15-cv-80330, 2016 WL 4184185, *2 (S.D. Fla. Apr. 29, 2016); *Stern v. O'Quinn*, 253 F.R.D. 663, 686 (S.D. Fla. 2008). Defendant attempted to obtain these documents and related documents from Plaintiff's previous doctors and other medical sources, but those sources have produced little to no information on Plaintiff's prior accident and injuries.

Moreover, as to the mediation summary, Florida Statute 44.405 states that "[i]nformation that is otherwise admissible or subject to discovery does not become inadmissible or protected from discovery by reason of its disclosure or use in mediation." Fla. Stat. § 44.405(5). "The

purpose of the ban on disclosure of mediation communications is to preclude admission of settlement offers between parties who are opposing parties at the trial in which the evidence of the settlement is sought to be introduced." *Carles Const., Inc. v. Travelers Cas. & Sur. Co. of America*, 56 F.Supp.3d 1259, 1272 (S.D. Fla. 2014). Therefore, the information contained in the mediation summary on Plaintiff's doctor for his knee surgery and other injuries is relevant and not protected.

Further, Local Rule 16.2(g) refers to "Trial Upon Failure to Settle" and requires that all proceedings of the mediation from the same case remain confidential and not be used "for any purpose as an admission against interest." However, Local Rule 16.2 does not relate to the use of mediation proceedings in another case. *See Carles Const., Inc.*, 56 F.Supp.3d at 1271, n. 33. Additionally, none of the "settlement offer" letters sent by William Price, P.A. to Progressive indicate that they are confidential in any way.

Therefore, it is hereby **ORDERED and ADJUDGED**:

1. Non-Party, William W. Price, P.A.'s Objections and Motion to Quash Subpoena Duces Tecum [DE 15] is **GRANTED IN PART AND DENIED IN PART**.

2. Non-Party, William Price, P.A., must produce the documents as described above to Defendant on or before **August 11, 2017**. Non-Party, William Price, P.A., shall be permitted to redact only the information described above from the documents.

3. As to the non-party's request for attorney's fees and costs in preparing the Motion and privilege log pursuant to Federal Rule of Civil Procedure 45, the Court denies this request. Pursuant to Rule 45(d)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing

3

undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." In this case, Defendant attempted to limit the subpoena both before the non-party, William Price, P.A., filed its objections and during the hearing. Therefore, the circumstances do not warrant an award of attorney's fees. *See DHA Corp. v. Hardy*, No.15-MC-80201, 2015 WL 3707378, *3 (S.D. Fla. June 15, 2015). Further, the Court finds that an award of attorney's fees would be unjust.

The Clerk is **DIRECTED** to mail a copy of this Order to Michael S. Herman, Jr., Esq., William W. Price, P.A., 521 South Olive Avenue, West Palm Beach, FL 33401 and to Alfredo Collado, 809 Royal Hibiscus Drive, Royal Palm Beach, FL 33411.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3RD day of August, 2017.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE